UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LLOYD THURMAN, | No. 2:20-cv-0079-KJM-EFB P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| RAYMOND JOHNSON, Warden, | |
| Respondent. | |

      Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He initiated the case with a petition filed on January 10, 2020 alleging a claim of juror bias. ECF No. 1. On March 19, 2020, petitioner filed a supplemental brief alleging ineffective assistance of counsel ("IAC") claims regarding trial counsel's failure to present a mitigation statement at sentencing and appellate counsel's failure to raise this purported mistake by trial counsel on appeal. ECF No. 12. On May 5, 2020, the undersigned recommended that the petition be denied because the state courts' determination of the juror bias issue did not run afoul of the standards provided in 28 U.S.C. § 2254(b). ECF No. 18. The assigned district judge adopted that recommendation and ordered dismissal of the juror bias claim, but referred the case back to the undersigned to review the IAC claims raised in the supplemental brief. ECF No. 21. This court ordered respondent to file a response to the claims. ECF No. 22. The court has received the briefing. ECF Nos. 12, 24, 27. Petitioner has also filed an "objection" to the court's order dismissing the juror bias claim. ECF No. 26.

I.      Request to Vacate

The court construes petitioner's objection as a motion for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60(b). That rule provides district courts with discretion to relieve a party from the effect of an order under a variety of specific circumstances, none of which apply here, or for "another reason justifying relief." Fed. R. Civ. P. 60(b)(6). To obtain such relief, a party must demonstrate extraordinary circumstances justifying the request. *Bynoe v. Baca*, 966 F.3d 972, 989 (9th Cir. 2020). Petitioner has not done so here; instead he simply reargues perceived merits of the juror bias claim. Petitioner is free to contest the court's order on appeal. The court will accordingly recommend that the motion for relief be denied.

II.     IAC Claims

The parties agree that the IAC claims asserted in petitioner's supplemental brief have not been presented to the California Supreme Court. ECF No. 24, 27. Petitioner argues that this court can rule on the merits of the claims anyway, because, on federal habeas, the court reviews the last reasoned state court decision, which is not necessarily the decision of the highest court (which may deny a claim summarily). Petitioner is incorrect. A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

Respondent also urges the court to determine the merits of the IAC claims, but has not expressly waived exhaustion. According to respondent, the court should deny the claims on the merits because they are "plainly meritless," because petitioner has articulated the claims in a conclusory fashion. Section 2254(b)(2) allows the court to deny unexhausted habeas claims on their merits, but the U.S. Court of Appeals for the Ninth Circuit has held that that section should be applied only where it is "perfectly clear that the applicant does not raise even a colorable claim." *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005). The conclusory nature of petitioner's pleading may be cured by amendment and does not conclusively establish that his IAC claims are not colorable. Respondent also argues that petitioner cannot demonstrate that he

2

was prejudiced by any ineffective assistance at his sentencing because he was resentenced later and makes no claim of ineffective counsel at his resentencing. However, the scope of the resentencing proceeding is not clear to the court, nor is the relationship between the two sentencing proceedings. The court cannot say that the claims are not colorable and thus declines to review their merits absent an express waiver by respondent.

Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted). "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2000). "[T]he petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident . . . ." *Id.* (citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."); *Duncan*, 513 U.S. at 365-66 (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.").

In addition to identifying the federal basis of his claims in the state court, the petitioner must also fairly present the factual basis of the claim in order to exhaust it. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Robinson v. Schriro*, 595 F.3d 1086, 1101 (9th Cir. 2010). "[T]he petitioner must . . . provide the state court with the operative facts, that is, 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)).

Where a federal habeas petitioner has failed to exhaust a claim in the state courts according to these principles, a court will generally dismiss the petition without prejudice,

3

allowing the petitioner to return to state court to exhaust the claim and then refile the federal petition. *Rhines v. Weber*, 544 U.S. 269, 274 (2005). Alternatively, the petitioner may ask the federal court to stay its consideration of the petition while he returns to state court to complete exhaustion. Two procedures may be used in staying a petition — one provided for by *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002) and the other by *Rhines*. *King v. Ryan*, 564 F.3d 1133, 1138-41 (9th Cir. 2009). Under the *Kelly* procedure, the district court may stay a petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims which may then be added to the petition through amendment. *Kelly*, 315 F.3d at 1070-71; *King*, 564 F.3d at 1135. If the federal petition contains both exhausted and unexhausted claims (a so-called "mixed" petition), a petitioner seeking a stay under *Kelly* must first dismiss the unexhausted claims from the petition and seek to add them back in through amendment after exhausting them in state court. *King*, 564 F.3d at 1138-39. The previously unexhausted claims, once exhausted, must be added back into the federal petition within the statute of limitations provided for by 28 U.S.C. § 2244(d)(1), however. *King*, 564 F.3d at 1140-41. Under that statute, a one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2241(d)(1). A federal habeas petition does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Under *Rhines*, a district court may stay a mixed petition in its entirety, without requiring dismissal of the unexhausted claims, while the petitioner attempts to exhaust them in state court. *King*, 564 F.3d at 1139-40. Unlike the *Kelly* procedure, however, *Rhines* requires that the petitioner show good cause for failing to exhaust the claims in state court prior to filing the federal petition. *Rhines*, 544 U.S. at 277-78; *King*, 564 F.3d at 1139. In addition, a stay pursuant to *Rhines* is inappropriate where the unexhausted claims are "plainly meritless" or where the petitioner has engaged in "abusive litigation tactics or intentional delay." *Id*. The Ninth Circuit

has held that the petitions raising entirely unexhausted claims may also be stayed under the *Rhines* procedure. *Mena v. Long*, 813 F.3d 907, 910 (9th Cir. 2016).

*Rhines* did not describe the criteria for determining whether good cause for failure to exhaust exists. The Ninth Circuit has found that good cause does not require a showing of "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). A petitioner shows good cause by providing the court with a reasonable excuse, supported by evidence, that justifies the failure to exhaust. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) ("A petitioner's reasonable confusion . . . will ordinarily constitute 'good cause' [under *Rhines*]. . . ."); *Dixon v. Baker*, 847 F.3d 714, 721-22 (9th Cir. 2014) (lack of counsel in state post-conviction proceedings constitutes good cause under *Rhines*).

The current action is in an odd procedural situation – the exhausted claims have been finally adjudicated, and only unexhausted claims remain. Petitioner has not requested a stay under *Kelly* or *Rhines*. But, if the court dismisses the IAC claims pending exhaustion rather than staying the case, any subsequent federal petition filed by petitioner may face procedural hurdles as a successive petition.

Because neither party has addressed the issue of staying the case under *Kelly* or *Rhines* while petitioner exhausts his IAC claims, the court will order further briefing on that issue.

III.   Recommendation and Order

For the foregoing reasons, it is hereby ORDERED that:

1. Within 30 days from the date of service of this order, petitioner shall file a supplemental brief addressing whether this case should be stayed pending exhaustion of the IAC claims under either *Rhines* or *Kelly*;
2. Within 14 days of service of petitioner's supplemental brief, respondent shall file a response thereto; and
3. Within 14 days of service of respondent's response to the supplemental brief, petitioner may file a reply to that response.

/////

Further, it is RECOMMENDED that petitioner's December 21, 2020 "objection to dismissal of juror misconduct claim" (ECF No. 26), construed as a motion made under Federal Rule of Civil Procedure 60(b), be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 9, 2021.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE