UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LLOYD THURMAN, | No.  2:20-cv-0079-KJM-EFB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RAYMOND JOHNSON, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Currently pending are petitioner's claims that his trial and appellate counsel provided ineffective assistance, and the question of whether those claims – which have not been exhausted in state court – should be dismissed.  ECF Nos. 12, 30, 31.  For the reasons that follow, the case should be stayed while petitioner returns to state court to exhaust his ineffective assistance of counsel claims.

**I. Background**

Petitioner filed this case on January 10, 2020 alleging a claim of juror bias.  ECF No. 1. On March 19, 2020, petitioner filed a supplemental brief alleging ineffective assistance of counsel ("IAC") claims regarding trial counsel's failure to present a mitigation statement at sentencing and appellate counsel's failure to raise this purported mistake by trial counsel on appeal.  ECF No. 12.  On May 5, 2020, the undersigned recommended that the petition be denied because the

1    state courts' determination of the juror bias issue did not run afoul of the standards provided in 28

2    U.S.C. § 2254(b).  ECF No. 18.  The District Judge adopted that recommendation and ordered

3    dismissal of the juror bias claim, but referred the case back to the undersigned to review the IAC

4    claims raised in the supplemental brief.  ECF No. 21.  The court ordered respondent to file a

5    response to the claims, which respondent did.  ECF Nos. 22, 24.

6        The parties agree that the IAC claims asserted in petitioner's supplemental brief have not

7    been presented to the California Supreme Court.  ECF Nos. 24, 27.  The court ordered the parties

8    to provide supplemental briefing on the question of whether the case should be stayed while

9    petitioner returns to state court to exhaust the claims.  ECF No. 28.  The court received

10   petitioner's brief on March 29, 2021 and respondent's brief on April 13, 2021.[1]  ECF Nos. 30, 31.

11       **II. Analysis**

12       Exhaustion of state remedies requires that petitioners fairly present federal claims to the

13   highest state court, either on direct appeal or through state collateral proceedings, in order to give

14   the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners'

15   federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted).

16   "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court

17   unless he specifically indicated to that court that those claims were based on federal law."  *Lyons*

18   *v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2000).

19   "[T]he petitioner must make the federal basis of the claim explicit either by citing federal law or

20   the decisions of federal courts, even if the federal basis is self-evident . . . ."  *Id.* (citations

21   omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("[A] claim for relief in

22   habeas corpus must include reference to a specific federal constitutional guarantee, as well as a

23

24       [1]  An optional reply brief was not submitted.  On May 7, 2021, petitioner informed the
     court that he had not received a copy of respondent's supplemental brief; the court directed the
25   clerk to serve a courtesy copy on petitioner on May 17, 2021.  ECF No. 32.  On June 4, 2021,
     petitioner submitted a filing asking the court to make "necessary copies for review in the
26   upcoming proceedings" because petitioner could not access the prison law library.  ECF No. 33.
     He did not state that the lack of library access impeded his ability to prepare a reply to
27   respondent's supplemental brief or seek an extension of time to file a reply.  To date, petitioner
     has filed no reply brief, and the court accordingly considers the matter submitted without a reply.
28

1   statement of the facts that entitle the petitioner to relief."); *Duncan*, 513 U.S. at 365-66 (to

2   exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting

3   claims under the United States Constitution.").

4       In addition to identifying the federal basis of his claims in the state court, the petitioner

5   must also fairly present the factual basis of the claim in order to exhaust it.  *Baldwin v. Reese*, 541

6   U.S. 27, 29 (2004); *Robinson v. Schriro*, 595 F.3d 1086, 1101 (9th Cir. 2010).  "[T]he petitioner

7   must . . . provide the state court with the operative facts, that is, 'all of the facts necessary to give

8   application to the constitutional principle upon which [the petitioner] relies.'"  *Davis v. Silva*, 511

9   F.3d 1005, 1009 (9th Cir. 2008) (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir.

10  1958)).

11      Where a federal habeas petitioner has failed to exhaust a claim in the state courts

12  according to these principles, a court will generally dismiss the petition without prejudice,

13  allowing the petitioner to return to state court to exhaust the claim and then refile the federal

14  petition.  *Rhines v. Weber*, 544 U.S. 269, 274 (2005).  Alternatively, the petitioner may ask the

15  federal court to stay its consideration of the petition while she returns to state court to complete

16  exhaustion.  Two procedures may be used in staying a petition — one provided for by *Kelly v.*

17  *Small*, 315 F.3d 1063 (9th Cir. 2002) and the other by *Rhines*.  *King v. Ryan*, 564 F.3d 1133,

18  1138-41 (9th Cir. 2009).  Under the *Kelly* procedure, the district court may stay a petition

19  containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims

20  which may then be added to the petition through amendment.  *Kelly*, 315 F.3d at 1070-71; *King*,

21  564 F.3d at 1135.  If the federal petition contains both exhausted and unexhausted claims (a so-

22  called "mixed" petition), a petitioner seeking a stay under *Kelly* must first dismiss the

23  unexhausted claims from the petition and seek to add them back in through amendment after

24  exhausting them in state court.  *King*, 564 F.3d at 1138-39.  The previously unexhausted claims,

25  once exhausted, must be added back into the federal petition within the statute of limitations

26  provided for by 28 U.S.C. § 2244(d)(1), however.  *King*, 564 F.3d at 1140-41.  Under that statute,

27  a one-year limitation period for seeking federal habeas relief begins to run from the latest of the

28  date the judgment became final on direct review, the date on which a state-created impediment to

3

filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2241(d)(1).  A federal habeas petition does not toll the limitations period under 28 U.S.C. § 2244(d)(2).  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Under *Rhines*, a district court may stay a mixed petition in its entirety, without requiring dismissal of the unexhausted claims, while the petitioner attempts to exhaust them in state court. *King*, 564 F.3d at 1139-40.  Unlike the *Kelly* procedure, however, *Rhines* requires that the petitioner show good cause for failing to exhaust the claims in state court prior to filing the federal petition.  *Rhines*, 544 U.S. at 277-78; *King*, 564 F.3d at 1139.  In addition, a stay pursuant to *Rhines* is inappropriate where the unexhausted claims are "plainly meritless" or where the petitioner has engaged in "abusive litigation tactics or intentional delay."  *Id*.  The Ninth Circuit has held that the petitions raising entirely unexhausted claims may also be stayed under the *Rhines* procedure.  *Mena v. Long*, 813 F.3d 907, 910 (9th Cir. 2016).

*Rhines* did not describe the criteria for determining whether good cause for failure to exhaust exists.  The U.S. Court of Appeals for the Ninth Circuit has found that good cause does not require a showing of "extraordinary circumstances."  *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005).  A petitioner shows good cause by providing the court with a reasonable excuse, supported by evidence, that justifies the failure to exhaust.  *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).  *See also Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) ("A petitioner's reasonable confusion . . . will ordinarily constitute 'good cause' [under *Rhines*]. . . ."); *Dixon v. Baker*, 847 F.3d 714, 721-22 (9th Cir. 2014) (lack of counsel in state post-conviction proceedings constitutes good cause under *Rhines*).

The current action is in an odd procedural situation – the exhausted claims have been finally adjudicated, and only unexhausted claims remain.  Thus, a *Kelly* stay would be pointless, as there are no live exhausted claims to stay; that is, the petition cannot be amended to assert only exhausted claims and then stayed while petitioner exhausts the remaining claims because the exhausted claims have been adjudicated already.  Petitioner asks the court for a stay under *Rhines*,

4

1   citing his "ineptitude as to the law and its procedures" and the alleged ineffective performance of

2   his appellate counsel as good cause justifying the stay.  ECF No. 30 at 12.  Respondent argues

3   that the court should not have raised the potential of a stay and that, nevertheless, petitioner may

4   not obtain a *Rhines* stay because he has not shown good cause and his IAC claims are plainly

5   meritless, and that staying the case would be futile because the statute of limitations bars the

6   unexhausted claims.  ECF No. 31.

7       The court rejects respondent's assertion that it was error for the court to raise the issue of

8   staying the case.  Respondent relies on *United States v. Sineneng-Smith*, __ U.S. __, 140 S. Ct.

9   1575 (2020), in which a unanimous Supreme Court held that the Ninth Circuit had deviated too

10  far from the principle of party presentation when it decided a case based on arguments raised not

11  by the parties, but instead by amici.  Contrary to respondent's position, the High Court did not

12  hold that it is always inappropriate for a court to raise an issue that has not been presented by the

13  parties.  *Id.* at 1579 ("The party presentation principle is supple, not ironclad.  There are no doubt

14  circumstances in which a modest initiating role for a court is appropriate.").  In the Ninth Circuit

15  currently, and until a higher court rules otherwise, the issue of whether to stay an unexhausted

16  habeas claim is one of those circumstances in which a court may take an initiating role.  *Robbins*

17  *v. Carey*, 481 F.3d 1143, 1147-49 (9th Cir. 2007) (district courts are not required to sua sponte

18  raise the issue of staying an unexhausted habeas claim, but it is within their discretion to do so if

19  they "inform both parties . . . to enable them to provide the information the court needs to

20  exercise its discretion over whether to stay and abey the petition.").

21      The court also rejects respondent's argument that petitioner has not shown good cause.  In

22  *Dixon v. Baker*, 847 F.3d 714, 720-21 (9th Cir. 2017), the Ninth Circuit held that the filing of a

23  state habeas petition without the assistance of counsel constitutes good cause under *Rhines.*  The

24  record in this case shows that petitioner was unrepresented in all of his state habeas proceedings.

25  ECF Nos. 16-5 at 12, 16-7 at 11, 16-9 at 20, 16-11 at 6.  Accordingly, petitioner has met the first

26  prong of the *Rhines* test and may obtain a stay unless his unexhausted claims are plainly meritless

27  or he has engaged in abusive litigation tactics or intentional delay.

28  /////

5

Respondent does not argue that petitioner has engaged in abusive tactics or intentionally delayed the case, but does contend that petitioner's unexhausted claims are plainly meritless because petitioner doesn't allege any facts regarding what mitigating facts trial counsel should have presented at sentencing.  The court has already stated that "[t]he conclusory nature of petitioner's pleading may be cured by amendment and does not conclusively establish that his IAC claims are not colorable."  ECF No. 28 at 2.  Respondent has not shown that petitioner's unexhausted claims are not "*potentially* meritorious," which is all that *Rhines* requires.  544 U.S. at 278 (emphasis added).

Lastly, respondent puts forth a somewhat opaque argument that it would be futile to stay the case because the unexhausted claims would be barred as untimely upon return to federal court following exhaustion.  As best the court can make out, respondent contends that petitioner's one-year AEDPA statute of limitations began running on July 30, 2019 and, because petitioner has never alleged sufficient facts supporting his IAC claims in federal court, were he to do so now, such a claim would not be timely.  But petitioner articulated the IAC claims initially in his supplement filed on March 19, 2020, within one year of July 30, 2019.  Respondent does not address this fact.  Further, respondent has not accounted for periods in which the limitations period was tolled for the litigation of petitioner's state habeas petitions.

Because petitioner has shown good cause under *Rhines*, his unexhausted claims are potentially meritorious, and he has not engaged in abusive tactics or intentional delay, the court should stay the petition to allow him to exhaust his ineffective assistance claims in state court.

**III. Recommendation**

For the foregoing reasons, it is hereby RECOMMENDED that this action be STAYED pending petitioner's exhaustion of his ineffective assistance of counsel claims in the California Supreme Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 13, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE