UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LLOYD THURMAN,<br><br>Petitioner,<br><br>v.<br><br>RAYMOND JOHNSON, Warden,<br><br>Respondent. | No. 2:20-cv-00079-DJC-EFB (HC)<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, the court recommends that the stay in this action be lifted and that this action be dismissed for failure to prosecute.

Petitioner filed this case on January 10, 2020 alleging a claim of juror bias. ECF No. 1. On March 19, 2020, petitioner filed a supplemental brief alleging ineffective assistance of counsel ("IAC") claims. ECF No. 12. On May 5, 2020, the undersigned recommended that the petition be denied because the state courts' determination of the juror bias issue did not run afoul of the standards provided in 28 U.S.C. § 2254(b). ECF No. 18. The District Judge adopted that recommendation and ordered dismissal of the juror bias claim, but referred the case back to the undersigned to review the IAC claims raised in the supplemental brief. ECF No. 21. On December 14, 2021, after briefing by the parties, the matter was stayed to allow petitioner time to return to state court to exhaust his IAC claims in the California Supreme Court. ECF No. 40.

1      Although petitioner requested that this matter be stayed for the purpose of exhausting his
2 IAC claims in the California Supreme Court, review of the online docket for the California
3 Supreme Court reveals that petitioner has not filed any petitions in that court since the completion
4 of his direct appeal in May of 2019.  *See United States ex rel. Robinson Rancheria Citizens*
5 *Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (The court "may take notice of
6 proceedings in other courts, both within and without the federal judicial system, if those
7 proceedings have a direct relation to matters at issue.") (citation and internal quotation marks
8 omitted)).
9      On February 10, 2023, the court ordered petitioner to update the court, within thirty days,
10 regarding the status of his state court proceedings.  ECF No. 41.  The order cautioned petitioner
11 that failure to respond could result in a recommendation of dismissal.  Well over thirty days have
12 passed, and petitioner has not responded to the court's order.  In light of this record, the court
13 recommends that the stay be lifted and the action be dismissed for failure to prosecute.
14      A district court must "weigh five factors to determine whether to dismiss a case for lack of
15 prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to
16 manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the
17 disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *In re Eisen*,
18 31 F.3d 1447, 1451 (9th Cir. 1994); *accord*, *Southwest Marine Inc. v. Danzig*, 217 F.3d 1128,
19 1138 (9th Cir. 2000).  The court finds that the public's interest in expeditiously resolving this
20 litigation and the court's interest in managing the docket weigh in favor of dismissal as this case
21 has been pending since January 10, 2020, and has been stayed since December 14, 2021.  ECF
22 Nos 1 & 40.  The risk of prejudice to respondent also weighs in favor of dismissal, as a
23 presumption of injury arises from an unreasonable delay in prosecuting an action.  *Anderson v.*
24 *Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  Further, the public policy favoring disposition of
25 cases on their merits is outweighed by the factors in favor of dismissal discussed herein.  Finally,
26 given petitioner's failure to respond to the court's order as directed, no lesser sanction is feasible.
27 /////
28 /////

For these reasons, it is RECOMMENDED that the stay be lifted and this action be DISMISSED without prejudice for failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing § 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: May 25, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE