UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LLOYD THURMAN,<br><br>    Petitioner,<br><br>  v.<br><br>RAYMOND JOHNSON, Warden,<br><br>    Respondent. | No. 2:20-cv-00079-DJC-EFB (HC)<br><br><br>FINDINGS AND RECOMMENDATIONS |

  Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He now moves to voluntarily dismiss his petition without prejudice based on the *Younger* doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971).

  Petitioner's case was previously stayed to allow him to return to state court to exhaust his claims of ineffective assistance of counsel. ECF No. 45. On November 13, 2023, petitioner filed a motion to lift the stay, ECF No. 51, but before the court ruled on that motion, petitioner filed his motion for voluntary dismissal citing ongoing resentencing proceedings in his criminal case in the Sacramento County Superior Court.[1] ECF No. 54.

  Under the doctrine known as "*Younger* abstention," federal courts are required to abstain from hearing cases that would interfere with pending state proceedings that implicate important

---

[1] The court takes judicial notice of plaintiff's state court proceedings in Sacramento County Superior Court Case No. 12F06007.

1

state interests. *Younger,* 401 U.S. 37; *Potrero Hills Landfill, Inc. v. Cnty. of Solano*, 657 F.3d 876, 881 (9th Cir. 2011). Under *Younger*, absent extraordinary circumstances, federal courts must abstain where: (1) state proceedings are ongoing at the time the federal case is filed; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide plaintiff an adequate opportunity to litigate federal claims. *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). Plaintiff contends, correctly, that under this doctrine the court must dismiss his case without prejudice.

District courts in the Ninth Circuit have routinely determined that the *Younger* criteria are met where an individual, like petitioner, files a federal habeas petition while his state resentencing proceedings are ongoing. *E.g.*, *Kasionov v. Gamboa*, 2:21-cv-0193 JAM DB P, 2022 U.S. Dist. LEXIS 57797 (E.D. Cal. Mar. 28, 2022); *Timberlake v. Santoro*, No. 1:20-cv-00013-NONE-SKO (HC), 2021 U.S. Dist. LEXIS 82473 (E.D. Cal. Apr. 29, 2021); *Duke v. Gastelo*, No. 2:19-04712 AB (ADS), 2020 U.S. Dist. LEXIS 134464 (C.D. Cal. June 24, 2020), *rep. and reco. adopted*, 2020 U.S. Dist. LEXIS 133544 (C.D. Cal. July 28, 2020); *Phillips v. Neuschmid*, No. 2:19-cv-03225-RGK (AFM), 2019 U.S. Dist. LEXIS 204615 (C.D. Cal. Oct. 18, 2019) ("courts implicitly find that granting federal habeas corpus relief would have the practical effect of enjoining or interfering with the ongoing state judicial proceeding, even where the state proceeding is limited to sentencing"), *rep. and reco. adopted*, 2019 U.S. Dist. LEXIS 204569 (C.D. Cal. Nov. 22, 2019).

Accordingly, the undersigned recommends that petitioner's motion to dismiss (EC No. 54) be GRANTED and that the petition be dismissed without prejudice to its refiling upon the conclusion of petitioner's state proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.

/////

/////

Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 2, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE